IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FREDDY WAYNE HURLEY, ID # 453088, )<br>   Petitioner, )<br>vs. )<br> )<br>NATHANIEL QUARTERMAN, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>   Respondent. ) | No. 3:08-CV-0966-G-BH<br><br>Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge five different issues that arose while he was serving a forty-five year sentence for aggravated robbery (Cause No. F87-77502-Q).[1] (*See* Writ of Habeas Corpus [hereinafter Pet.] at 1, attached to Appeal from State Court of Criminal Appeals.) Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

Petitioner raises claims related to (1) good time earning class or restoration of lost good time credits, 90-day review periods for consideration of release to mandatory supervision, and annual parole review once he served one-third of his sentence; (2) three disciplinary actions (Nos.

---

[1] Petitioner contends that his claims do not concern his 1987 conviction for which he is currently being held. (Pet. at 1.)

20040054025, 970250109, and 960333675); (3) destruction of biological evidence related to Cause Nos. F77-5729-KJ (burglary of habitation) and F77-4927-J (aggravated rape), both of which were allegedly used to enhance his current sentence; (4) cancellation of a September 2007 parole review without notification; and (5) a denial of mandamus relief between December 2007 and April 9, 2008.

Petitioner has previously filed six habeas actions in this Court[2] and five habeas actions in other federal district courts in Texas.[3] In addition, the Court received two other habeas actions from him on the same date as this action.[4] Based on his various claims in this case and his numerous prior habeas actions, the Court first considers whether it has jurisdiction over the instant petition.

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized

---

[2] *See Hurley v. Johnson*, No. 3:92-CV-2084-P (N.D. Tex. 1992) (unknown habeas challenge); *Hurley v. Johnson*, No. 3:99-CV-1351-P (N.D. Tex. 1999) (untimely challenge to Cause No. F87-77502-Q alleging inaccurate sentence commencement date and non-restoration of missing good time credits based upon 1993 change in prison policy); *Hurley v. Dretke*, No. 3:04-CV-1124-G (N.D. 2004) (disciplinary writ transferred to Eastern District of Texas); *Hurley v. Quarterman*, No. 3:05-CV-2338-G (N.D. 2005) (challenge to disciplinary action No. 20050235371); *Hurley v. Quarterman*, No. 3:06-CV-0916-R (N.D. 2006) (disciplinary writ involving restoration of good time credits, ninety-day reviews regarding release on mandatory supervision, and annual parole reviews); *Hurley v. Quarterman*, No. 3:06-CV-1557-R (N.D. 2006) (challenge to disciplinary action No. 20060166886 consolidated with Cause No. 3:06-CV-0916-R).

[3] *See Hurley v. Director*, No. 6:00-CV-0197 (E.D. Tex. 2000) (untimely challenge to non-restoration of missing good time credits based upon 1993 change in prison policy); *Hurley v. Director*, No. 6:02-CV-0401-WMS (E.D. Tex. 2002) (finding challenge to prison disciplinary proceedings in February 2002 (Disciplinary Case No. 20020154555) to be without merit and warning petitioner that monetary sanctions could be imposed against him should he file a new disciplinary writ that does not meet the minimum requirements of *Malchi v. Thaler*, 211 F.3d 953 (5th Cir. 2000)); *Hurley v. Dretke*, No. 6:04-CV-0314-LED-JKG (E.D. Tex. 2004) (denying transferred federal petition involving prison disciplinary cases from July 2003 through February 2004 because petition lacked merit); *Hurley v. Quarterman*, No. 3:08-CV-0007 (S.D. Tex. 2008) (finding challenges to prison disciplinary proceedings conducted in May, June, July, and August 2007 (Disciplinary Case Nos. 20070270336, 20070346708, 20070332602, 20070347986, and 200703555120) to be without merit); *Hurley v. Quarterman*, No. 4:08-CV-0264 (S.D. Tex. 2008) (dismissing habeas action challenging the cancellation of a September 4, 2007 parole review hearing because petitioner failed to exhaust).

[4] *See Hurley v. Quarterman*, No. 3:08-CV-0967-P (N.D. 2008) (challenge to 1977 sexual assault conviction); *Hurley v. Quarterman*, No. 3:08-CV-0968-L (N.D. 2008) (challenge to 1977 burglary conviction).

2

by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

If the instant § 2254 petition constitutes a second or successive petition, this Court cannot exercise jurisdiction over it without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). Under Fifth Circuit precedent, a petition is successive when it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37. However, a subsequent federal petition is not considered successive within the meaning of § 2244(b) unless it attacks "the same conviction" previously challenged through a federal habeas petition. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").[5] Furthermore, a petition that is literally second or successive is not a second or successive application for purposes of § 2244(b) if the prior dismissal is based on prematurity or lack of exhaustion. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive

---

[5] Notably, although *Crone* involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

3

when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). "To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." 523 U.S. at 645.

In this case, petitioner has identified three Dallas County convictions but is currently in custody only on his 1987 aggravated robbery conviction. Although he specifically states that the instant petition does not concern his 1987 conviction, habeas claims seeking relief from post-conviction and post-sentence administrative actions are considered challenges to the holding judgment of conviction when such judgment provides the sole basis for entertaining the § 2254 petition.[6] *See Crone*, 324 F.3d at 837. Because this is not a case where petitioner is in custody on multiple State court judgments, petitioner's claims necessarily relate to his holding conviction under *Crone*.[7] Consequently, the instant petition represents a subsequent federal habeas attack on petitioner's 1987 judgment of conviction.

Petitioner previously directly challenged his 1987 judgment of conviction through an untimely habeas action in 1999. *See Hurley v. Johnson*, No. 3:99-CV-1351-P (N.D. Tex. 1999). In addition, as previously recited, he has also indirectly challenged his custody under that judgment through other federal habeas actions commenced in 2000, 2002, 2004, 2005, 2006 (two petitions

---

[6] Section 2254(a) directs the courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

[7] As found in the habeas cases filed contemporaneously with this case, this Court lacks jurisdiction over § 2254 habeas challenges related to petitioner's 1977 convictions because he is no longer in custody for those convictions. *See Hurley v. Quarterman*, No. 3:08-CV-0968-L, 2008 WL 4966638, at *1-2 (N.D. Tex. Nov. 18, 2008) (accepting recommendation of Mag. J.); *Hurley v. Quarterman*, No. 3:08-CV-0967-P, 2008 WL 4602551, at *1-2 (N.D. Tex. Oct. 14, 2008) (adopting recommendation of Mag. J.) In light of those challenges and rulings therein, there is no legitimate basis to construe the instant action as anything but a challenge to his 1987 holding conviction.

consolidated into one final ruling), and January 2008. Only one prior petition was dismissed for lack of exhaustion.[8] Disregarding that non-exhausted petition, petitioner was required to present all available claims in the first petition filed after he knew the factual basis for his claims.

The crucial question in determining availability is whether petitioner knew the facts necessary to his current claims when he filed his prior federal petitions that were not dismissed for lack of exhaustion. This question of knowledge is entirely independent from whether petitioner had exhausted state remedies for his current claims when he filed his prior petitions. *See Crone*, 324 F.3d at 837-38 ("In accordance with our strong policy against piecemealing claims, we have long held that under an abuse of the writ standard, the sole fact that the new claims were unexhausted when the earlier federal writ was prosecuted will not excuse their omission." (internal quotation marks omitted)).

Because he previously raised Claim 1 or a substantially similar claim in *Hurley v. Quarterman*, No. 3:06-CV-0916-R (N.D. 2006), petitioner certainly knew the facts necessary to Claim 1 when he filed that habeas action.

With respect to Claim 2, petitioner wants the Court to dismiss three disciplinary actions (Nos. 20040054025, 970250109, and 960333675) and expunge them from his prison record, thereby entitling him to good time credits between June 22, 1996, and October 16, 2003. Because these disciplinary actions relate to that time frame, petitioner certainly knew the facts necessary to Claim 2 to raise it in one of his numerous habeas petitions filed after 2003.

By the time petitioner appealed the trial court's denials of his motions for post-conviction

---

[8] In January 2008, petitioner challenged a single defective parole hearing that was cancelled on September 4, 2007. *See Hurley v. Quarterman*, No. 4:08-CV-0264 (S.D. Tex. 2008) (pet. filed Jan. 23, 2008). On January 29, 2008, the court dismissed that habeas action for petitioner's failure to exhaust state remedies. *See id.* (order of dismissal).

5

DNA testing, petitioner would have known the factual basis for Claim 3. Petitioner appealed the denial of his motion with respect to his 1977 aggravated rape conviction in December 2005, and the appellate court rendered its decision on December 8, 2006. *See Hurley v. State*, No. 05-06-00034-CR, http://www.courtstuff.com/FILES/05/06/05060034.HTM (docket sheet information generated Oct. 27, 2008) (Official internet site of the Court of Appeals for the Fifth District of Texas at Dallas). He appealed the denial of such motion with respect to his 1977 burglary conviction in May 2007, and the appellate court rendered its decision on June 19, 2008. *See Hurley v. State*, No. 05-07-00597-CR, http://www.courtstuff.com/FILES/05/07/05070597.HTM (docket sheet information generated Oct. 27, 2008) (Official internet site of the Court of Appeals for the Fifth District of Texas at Dallas). In light of petitioner's knowledge of the factual basis for Claim 3, he could have raised the various aspects of Claim 3 in his 2008 federal petition that was considered on the merits. Because the claim relates to his 1997 aggravated rape conviction, he could have also raised the claim in his 2006 federal petitions.

Petitioner would have known the factual basis for Claim 4 – the cancellation of a September 2007 parole review – when the review did not occur. He thus could have raised it in the 2008 habeas petition that was considered on the merits.

Petitioner would have known the factual basis for Claim 5 – alleged denial of mandamus relief occurring between December 2007 and April 9, 2008 – soon after the alleged denials occurred. It thus appears that at least part of Claim 5 could have been raised in petitioner's 2008 habeas petition that was considered on the merits.

As detailed in the preceding paragraphs, the instant federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in a

6

prior petition that was not dismissed on grounds of exhaustion. As already mentioned, the fact that a claim may have been unexhausted when petitioner filed a prior petition does not excuse the omission of the claim. In addition, this action is not rendered non-successive merely because petitioner may be raising a claim or part of a claim that could not have been raised in a prior federal petition. The statute specifically restricts the filing of a second or successive *application*. *See* 28 U.S.C. § 2244(b)(3) (emphasis added). The Fifth Circuit has specifically determined that an application is second or successive when it raises a claim that was or could have been raised in an earlier petition. *Crone*, 324 F.3d at 837-38; *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) (per curiam). "A 'mixed-application' that contains both claims that could have been raised previously and claims that could not have been so raised is nevertheless successive." *Cooper v. Cockrell*, No. 3:03-CV-596-L, 2003 WL 21517824, at *2 (N.D. Tex. Apr. 15, 2003); *Hubbard v. Cockrell*, No. 3:01-CV-1539-X, 2001 WL 1148274, at *2 (N.D. Tex. Sept. 18, 2001). Thus, although the instant petition may include a claim or part of a claim that could not have been asserted in a prior federal habeas action due to a lack of knowledge, such inclusion does not affect whether the instant application is successive.

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole,

would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B).

Because the Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief, this Court lacks jurisdiction over this action.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the Court **DISMISS** the instant action for lack of jurisdiction. Petitioner may not pursue a successive habeas petition under 28 U.S.C. § 2254 without first obtaining authorization from a three-judge panel of the Fifth Circuit Court of Appeals.

**SIGNED** this 9th day of January, 2009.

_____
**IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE